Claude R. TRAIL, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Nov. 17, 1976.

Certiorari Denied by Supreme Court
Feb. 14, 1977.

H. Thomas Parsons, Manchester, for appellant.

R. A. Ashley, Jr., Atty. Gen., Donald S. Caulkins, Asst. Atty. Gen., Nashville, Charles S. Ramsey, Jr., Dist. Atty. Gen., John Rollins, Asst. Dist. Atty. Gen., Manchester, for appellee.

## OPINION

BYERS, Judge.

The Appellant was convicted of driving while under the influence of an intoxicant, second offense, and sentenced to serve nine (9) months in the County Workhouse and to pay a fine of Three Hundred Dollars ($300.00). In addition, the judgment prohibits the Appellant from operating a vehicle on the public roads of this state for three (3) years.

The evidence shows that on July 24, 1975, at approximately 7:15 p. m., a collision between two (2) vehicles occurred on U.S. Highway 55 in Coffee County, Tennessee. A state trooper went to the scene to investigate. When he arrived, he found, among other things, that the Appellant had sustained a laceration to his face. In addition, a woman who had been riding as a passenger in the Appellant's vehicle was hysterical. Both of these people were outside the vehicle when the trooper arrived. Because of their condition and the traffic condition, the trooper had the Appellant and the woman taken to the hospital. After completing his investigation at the scene of the collision, the trooper went to the hospital. Upon arriving at the hospital, the trooper asked the Appellant if he had been driving one of the vehicles involved in the collision. He also asked the Appellant if he would submit to a test to determine whether he was intoxicated. The Appellant told the officer that he was driving one of the vehi-

cles involved in the collision and that he would submit to a blood alcohol test. The Appellant was not seriously injured. The Appellant was not given *Miranda* warnings prior to being asked if he had been operating one of the vehicles. The blood alcohol test revealed the alcohol content in the Appellant's blood to be 0.13.

The Appellant assigns three (3) errors. Assignments one (1) and two (2) question the sufficiency of the evidence upon which to base the verdict and the third (3rd) assignment of error asserts that it was error to admit the statement, made by the Appellant, that he was driving one of the vehicles, because he was not advised of his constitutional rights in accordance with *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

We will treat these assignments jointly, because the third (3rd) assignment of error will control the ruling on assignments one (1) and two (2).

The Appellant contends that when the officer asked him if he had been driving the vehicle that he was in custody. Further, he contends that at the time of the question by the officer, the focus had shifted from a general investigatory stage to that of an accusatory stage. We do not agree. Clearly, if the officer had inquired of the Appellant at the scene if he were driving one of the vehicles at the time of the collision, such inquiry would have been admissible as a general on the scene investigatory question. *Braziel v. State,* 529 S.W.2d 501, (Tenn.Cr. App.1975). The fact that the officer had the Appellant removed to the hospital for medical care prior to making inquiry would not significantly shift the inquiry to the accusatory stage. When an accident occurs on the highways, officers are required to prepare and file accident reports. It is incumbent upon them to determine who was operating a vehicle involved in the accident. The nature of the interrogation and its purpose are significant in determining the admissibility of the statement made by an accused. We do not think that the questioning in this case went so far as to be accusatory. The statement made by the

Appellant is admissible. *State v. Morris,* 224 Tenn. 437, 456 S.W.2d 840 (1970).

Even though we are of the opinion that the statement of the Appellant is admissible for the above reasons, we do not think this case is controlled by *Braziel v. State, supra,* or *State v. Morris, supra.* We think this case is controlled by *California v. Byers,* 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971). At issue in *Byers* was the complaint that a California statute, which required a motorist involved in an accident to stop and give his name, was unconstitutional because it compelled self-incrimination contrary to the Fifth (5th) Amendment to the United States Constitution. The United States Supreme Court rejected this contention and held that the statute was not unconstitutional. The Court held that the California statute was a reasonable administrative scheme not directed at obtaining incriminating evidence. Further, the Court pointed out that whether a criminal charge followed the self-identification depended upon other factors and independent evidence. We see no reason why the same rationale should not apply in this case. Tennessee Code Annotated § 59–1003, sometimes called the "hit-and-run statute," which is similar to the California statute at issue in *Byers,* requires that the driver of a vehicle involved in an accident reveal his name to any person with whom he has collided. The fact that the information which the operator of a vehicle is required by statute to give is elicited by an officer in the ordinary course of an accident investigation is no bar to its admission. We hold, therefore, that an officer may, in the course of an investigation of an automobile accident, make inquiry of a person to determine if he had been operating a vehicle involved in a collision without giving the *Miranda* advice. Further, it is our opinion that the statement of a person in response to such question, revealing that he was in fact the operator of a vehicle involved in an accident, is admissible and not a violation of the Fifth (5th) Amendment of the United States Constitution.

■ The statement of the Appellant that he was driving the vehicle; the testimony of the officer that the Appellant was intoxicated; and the result of the blood test showing the Appellant's intoxication were sufficient upon which to base the verdict.

The Appellant has failed to demonstrate that the evidence preponderates against the verdict of the jury. *McBee v. State,* 213 Tenn. 15, 372 S.W.2d 173 (1963); *Jamison v. State,* 220 Tenn. 280, 416 S.W.2d 768 (1967).

The assignments of error are overruled, and the judgment of the trial court is affirmed.

O'BRIEN and DUNCAN, JJ., concur.