IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 1, 2005

## STATE OF TENNESSEE v. MICHAEL BARNETT BILLS AKA MICHEAL/MICHAEL BURNETT BILLS

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 6761    Jon Kerry Blackwood, Judge**

---

**No. W2004-01649-CCA-R3-CD  - Filed March 30, 2005**

---

On appeal, the defendant contends that: (1) the trial court erred in ruling that he could not use his peremptory challenges to "strike back" jurors after the first two rounds of challenges; and (2) the State failed to comply with Tennessee Rule of Criminal Procedure 16, by failing to disclose a letter written by the defendant to his girlfriend, thus disadvantaging his trial preparation. Upon our review, we affirm the defendant's conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Karen Tucker Fleet, Bolivar, Tennessee, for the appellant, Michael Barnett Bills aka Micheal/Michael Burnett Bills.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Joe Van Dyke, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### Facts and Procedural History

On May 5, 2003, the defendant, Michael Barnett Bills, was indicted on one count of possession of .5 grams or more of a Schedule II controlled substance (cocaine) with intent to deliver, (a Class B felony). Following a jury trial, the defendant was found guilty as charged and received an eighteen-year sentence as a Range II, multiple offender. A motion for new trial was heard on June 4, 2004, and was denied three days later. The defendant now appeals to this Court contending that: (1) the trial court erred in ruling that he could not use his peremptory challenges to "strike back" jurors; and (2) the State failed to comply with Tennessee Rule of Criminal Procedure 16, by failing

to disclose an incriminating letter written by the defendant to his girlfriend, thus disadvantaging his trial preparation.

Analysis

I.  Rule 24 Violation

The defendant first contends that the trial court erred in ruling that he could not use his peremptory challenges to "strike back" jurors after the first two rounds of challenges.  Specifically, the defendant alleges that the trial court violated Tennessee Rule of Criminal Procedure 24, which outlines the jury selection process and states in pertinent part:

> (c) Peremptory Challenge and Procedure for Exercising. – After prospective jurors have been passed for cause, counsel will submit simultaneously and in writing, to the trial judge, the name of any juror in the group of the first twelve who have been seated that either counsel elects to challenge peremptorily. . . .   Peremptory challenges may be directed to any member of the jury, and counsel shall not be limited to replacement jurors.  Alternate jurors will be selected in the same manner. The trial judge will keep a list of those challenged and, if the same juror is challenged by both parties, each will be charged with the challenge.  The trial judge shall not disclose to any juror the identity of the party challenging the juror.

Tenn. R. Crim P. 24 (c).

Initially, we note that the defendant has failed to include in the record a transcript of the jury selection.  It is the duty of the appellant, the defendant in this case, to ensure that the appellate record contains all evidence relevant to the issues presented on appeal.  Tenn. R. App. P. 24(b).  Therefore, due to this omission, we are unable to determine precisely what occurred during the selection of the jury, including whether or not the defendant made a timely objection to the selection process.  An appellate court cannot consider an issue that is not preserved in the record for appeal.  State v. Banes, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993), perm. to appeal denied (Tenn. 1994).

Moreover, while the trial courts are obligated to abide by the procedures set out in Rule 24(c), this Court has previously held that "departures from the prescribed procedure for the selection, summoning, and the impaneling of juries will not affect the validity of a verdict in a criminal case, absent a showing of prejudice to the accused."  State v. Deborah Gladish, No. 02C01-9404-CC-00070, 1995 Tenn. Crim. App. LEXIS 935, at *25 (Tenn. Crim. App., at Jackson, Nov. 21, 1995) (citation omitted).  Furthermore, it is the burden of the accused to demonstrate prejudice.  State v. Coleman, 865 S.W.2d 455, 458 (Tenn. 1993).  "Prejudice will not be presumed."  Id.

In the instant matter, the defendant states, in a conclusory fashion, that he was prejudiced by the selection process but fails to state how he was prejudiced.  Further, because the transcript of jury selection is not included in the record, we are prevented from determining whether the defendant was unable to "adequately examine jurors or [if he] was denied the use of [his] statutorily mandated number of peremptory challenges or at any time denied the exercise of [his] right to challenge for

cause." Gladish, 1995 Tenn. Crim. App. LEXIS 935, at *25 (citations omitted). Therefore, the defendant has failed to show that the selection process resulted in prejudice to him.

## II. Rule 16 Violation

Second and finally, the defendant avers that the State failed to comply with Tennessee Rule of Criminal Procedure 16, by failing to disclose a potentially incriminating letter written by the defendant to his girlfriend, which the State received on the morning of trial. At trial, the defendant's girlfriend was called as a defense witness, and the letter was referenced by the State on cross-examination, read from by the witness, and ultimately admitted into evidence for identification purposes only. On appeal, the defendant contends that the State's failure to disclose the letter disadvantaged his trial preparation and resulted in reversible error, meriting a new trial. In response, the State contends, *inter alia*, that the issue is waived on appeal for failure to make a proper objection.

Tennessee Rule of Evidence 103(a) governs the issue at hand and states:
(a) Effect of erroneous ruling. – Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
(1) Objection. – In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection if the specific ground was not apparent from the context.

Further, in State v. Pilkey, 776 S.W.2d 943 (Tenn. 1989), our supreme court affirmed that counsel may make a motion to strike at "any time before the jury retires to considered its verdict, provided there is no waiver." Id. (quoting Moon v. State, 242 S.W. 39, 53 (1922)). Finally, because Rule 103(a) requires specificity if the ground is not apparent from the context, a general objection with no stated support will fail to preserve the challenged issue for review. State v. Greene, 929 S.W.2d 376, 380 (Tenn. Crim. App. 1995).

Although the defendant contends that a proper objection was made, a review of the transcript leads us to conclude that the objections made were neither timely nor based on the issue raised on appeal:

| | |
|---|---|
| Q: | Has he ever written to you regarding drugs in the house? |
| A: | Not in the house. |
| Q: | Has he written to you regarding this legal case? |
| A: | Yes. |
| Q: | What did he ask you to do? |
| [Defense Counsel]: | Objection, unless she's got some letter. |
| [Prosecutor]: | I'm asking – |
| [Court]: | Overruled. |
| Q: | What did he ask you to do? |
| A: | He – |
| [Defense Counsel]: | Objection. |

| [Court]: | Overruled. Go ahead. |
|---|---|
| A: | He asked me in a letter if I would take this – call his lawyer – if I call his lawyer and tell her that I put those drugs in his house behind the angel, that we would get back together and be together forever. And then he said that – stated in the letter that if – I guess, in other words, if I don't, that we won't be together, and that he'd have to call my son in, too. |
| Q: | Did he put this is writing to you? |
| A: | Yes, sir. |
| Q: | Do you have that letter? |
| A: | It's in my purse out there. And I made a copy of it. |
| Q: | I'm going to hand you a copy of a document and ask if you can identify it. Can you identify that, please, ma'am? |
| A: | Yes, I underlined – |
| Q: | What is that? |
| A: | I underlined the – It's the letter that he wrote. |
| Q: | A copy of that letter. |
| A: | And I underlined the parts where he asked me to take this charge. |
| Q: | Would you turn to the last page of that and read what you underlined? |
| A: | It's on the second page – I mean – |
| Q: | I'm looking at Page Four. Would you read that please? |
| A: | (Reading) "I will stick with you all the way if you call my lawyer and talk to her about it. Please help me with that. We will start over if God can let us get back together. I got to have you and Maricus come to court. After that, you would not want me no more." |
| Q: | On the second page, would you read what you underlined? |
| A: | (Reading) "If I get some time, I don't want you to wait on me. If you really – |
| Q: | "If you really love me – |
| A: | "—love me, call my lawyer and tell her that you put them drugs behind the angel in my house. That's love." |
| Q: | Do you recognize this as his handwriting? |
| A: | Yes, sir. |

While the defendant correctly states that two objections were made during the pertinent testimony, it appears that neither was based on a discovery violation. Defense counsel did not state a proper basis for the first objection but merely stated, "Objection. Unless [the witness has] some letter." Therefore, this objection appears to be based on either hearsay or the best evidence rule. Similarly, the second objection had no stated basis whatsoever, and no basis was apparent from the context.

We further note that counsel failed to object when the letter was produced by the witness or when it was read into evidence. Finally, the transcript reveals that defense counsel referenced the

letter in her questioning on redirect examination of the witness but failed to make a motion to strike at that time or at any point thereafter.

Therefore, while defense counsel had several opportunities to properly either object or make a motion to strike, she failed to take advantage of those opportunities. We conclude that this has resulted in a wavier of the issue on appeal. Therefore, as the issue is waived, it is not necessary to address the merits of the defendant's claim. Tenn. R. Evid. 103; Tenn. R. App. P. 36(a).

<u>Conclusion</u>

Based on the foregoing, the defendant's conviction is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE