**STATE of Tennessee, Appellee,**

v.

**John Derrick COLEMAN, Appellant.**

Supreme Court of Tennessee,
at Jackson.

Nov. 1, 1993.

Charles W. Burson, Atty. Gen. and Reporter and Rose Mary Drake, Sp. Asst. Dist. Atty., Nashville, for appellee.

Tom W. Crider, Dist. Public Defender, J. Diane Stoots, and Anita Davis–Porter, Asst. Public Defenders, Trenton, for appellant.

## OPINION

O'BRIEN, Justice.

John Derrick Coleman, was convicted by a jury for armed robbery, aggravated rape, and aggravated kidnapping. He was sentenced to 12 years for the robbery conviction and 25 years each for the rape and kidnapping convictions. The sentences were ordered to run consecutively.

Appeal was granted to consider two issues. First, whether there was sufficient evidence to convict the defendant of aggravated kidnapping. Second, whether the trial court committed prejudicial error in the manner used to select the jury.

The record shows that Coleman committed armed robbery of a retail shoe store with a handgun. He also used the gun to force the female sales person into a back room of the store. At gunpoint he required her to disrobe and then raped her while holding the gun.

A summary of the events surrounding the commission of the offenses is essential to a resolution of the issues. On 19 April 1988, the victim was working alone at Vincent's Shoe Store in Humboldt, Tennessee. Between 12:30 and 1:30 in the afternoon, two young males entered the store. One of the men, later identified as the appellant, approached the victim at the counter and demanded money from the cash register. He was armed with a gun described by the victim as small, silver, and shiny.

When the victim handed the appellant a number of five dollar bills, he became upset and demanded all the money. He began to grab the remaining bills in the cash register and threatened to "blow" her "_____ _____ head off." Appellant then gave the money to his accomplice who left the store.

After making the sales clerk pour the change from the register into a bag, the appellant ordered her at gun-point to move towards the back of the store. She protested and attempted to bluff him by telling him that her male boss was in the back room, all to no avail.

When they reached the back door of the building the appellant forced the victim to lie down on the floor. He asked her if her boss was really in the back room and when she admitted he was not, he again said he was going to "blow her _____ head off" for lying to him. He then made her enter a side room, ordered her to undress and raped her at gun-point.

After committing the rape, the appellant forced the victim to lie face down on the floor and "he was up over me . . . like two minutes or so. . . ." He then told her she better not get up. He exited the room, then stood outside the closed door for several minutes, telling the victim that he was watching her. Eventually, he left the store and the victim ran to the shop next door and called the police.

Two months later she identified appellant in a police line-up. The State presented uncontested expert testimony establishing that his fingerprints matched those found in the store. Further, his partner in the robbery confirmed that Coleman was in the store on the day of the robbery and had "pulled the gun out on" the victim.

There is no dispute concerning the accuracy of the facts presented by the State. However, the appellant contends that the evidence is insufficient to support a conviction of aggravated kidnapping under the facts of this case. We are compelled to agree with this contention.

■ In *State v. Anthony*, 817 S.W.2d 299, 306 (Tenn.1991) the Court enunciated the rule essential to satisfy the constitutional guarantee of due process in cases where there are interconnecting criminal charges, one of which is kidnapping:

> . . . "whether the confinement, movement, or detention is essentially incidental to the accompanying felony and is not, therefore, sufficient to support a separate conviction for kidnapping, or whether it is significant enough, in and of itself, to warrant independent prosecution and is, therefore, sufficient to support such a conviction."

There is ample evidence in this record to establish that appellant's intent in entering the store was to commit armed robbery. This was the primary offense. The abduction was for the purpose of facilitating his escape and was essentially incident to the robbery.

It was after he determined that her employer was not present in the backroom that he told her "he could blow her _____ _____ head off for lying to him." Under threat of death he made her get up from the floor and enter the side room where she was raped. The facts of this case fully support convictions of two separate offenses: the aggravated robbery and the aggravated rape. They do not support the kidnapping conviction under the *Anthony* rule.

In reference to the jury selection process appellant contends the trial court committed prejudicial error in requiring him to exercise his peremptory challenges in a manner contrary to the procedure set out in Tenn. R.Crim.P. 24(c).

> **Rule 24(c)** Peremptory Challenge and Procedure for Exercising.—After twelve prospective jurors have been passed for cause, counsel will submit simultaneously and in writing, to the trial judge, the name of any juror either counsel elects to challenge peremptorily. Upon each submission each counsel shall submit either his challenge or a blank sheet of paper. Neither party shall make known the fact that he has not challenged. Replacement jurors will then be examined for cause and, after passed, counsel will again submit simultaneously, and in writing, to the trial judge the name of any juror counsel elects to challenge peremptorily. This procedure

will be followed until a full jury has been selected and accepted by counsel. Peremptory challenges may be directed to any member of the jury, and counsel shall not be limited to replacement jurors. Alternate jurors will be selected in the same manner. The trial judge will keep a list of those challenged and, if the same juror is challenged by both parties, each will be charged with the challenge. The trial judge shall not disclose to any juror the identity of the party challenging him.

Over defendant's objection the trial court instituted its own procedure for jury selection. The alternative method implemented by the court consisted of selecting 18 prospective jurors for voir dire instead of the normal 12, required by the Rule. During voir dire, the court allowed both sides to use their maximum number of peremptory challenges and any number of challenges for cause at any time. Whenever 12 or more unchallenged jurors were left, the court would eliminate the excess number by excusing the last prospective jurors seated. The remaining 12 would become the jury for the trial. The trial judge explained that the procedure was implemented in the interest of expediency.

The appellant argues that such a procedure is plain error, prejudicial per se, and violates the spirit and letter of Article 1, Section 9 of the Tennessee Constitution.

█ Clearly, this peculiar procedure is in contravention of Rule 24(c) which is mandated by statute. While Article I, Section 9 of the Constitution guarantees the accused a fair and impartial trial, which necessarily includes a fair and impartial jury, it is the legislature and not the Constitution which determines the number of peremptory challenges a party may make. *State v. Simon,* 635 S.W.2d 498, 510 (Tenn.1982).

█ It is the burden of the defendant to prove prejudice or purposeful discrimination in the selection of a jury. Prejudice will not be presumed. *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). There has been no showing by the appellant that the presiding jury was unfair or partial. Neither has the appellant shown that he was denied the use of his statutorily mandated number of peremptory challenges or that he

was at any time denied the exercise of his right to challenge for cause. Accordingly, the jury selection process here employed by the trial court does not rise to the level of reversible error in this case.

█ Although in this particular instance, the unorthodox jury selection procedure did not result in prejudice to the individual defendant, we emphasize that any future deviation from the rule could constitute prejudice to the entire judicial process and require reversal. *See* Tenn.R.App.P. 36(b); *State v. Cook,* 816 S.W.2d 322, 327 (Tenn. 1991). Rules prescribing jury selection procedures are intended to protect the integrity of the jury system by providing a uniform and ordered method that ensures the accused a fair and impartial jury chosen from a fair cross-section of the community. *See Kittle v. State,* 362 So.2d 1271, 1274 (Ala.1978). Compliance with the procedure set forth in Tenn. R.Crim.P. 24(c) safeguards the judicial process and protects the administration of justice.

█ As suggested in the concurring opinion of Judge Jones in the Court of Criminal Appeals, if the procedure of Rule 24(c) is thought to be more time consuming and cumbersome than is necessary, and that a more expedient, yet constitutionally acceptable method is available, any recommendations or suggestions should be submitted to the Tennessee Rules of Criminal Procedure Commission for consideration and amendment of the rule. Until a replacement procedure is found suitable and formally adopted, the trial courts' close adherence to the procedure prescribed by Tenn.R.Crim.P. 24(c) is mandatory.

The convictions of armed robbery and aggravated rape are affirmed. The conviction of aggravated kidnapping is reversed. The cause is remanded for further proceedings not inconsistent with this opinion.

REID, C.J., DROWOTA and ANDERSON, JJ., concur.

DAUGHTREY, J., concurs in results.