# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## AUGUST 1999 SESSION

FILED

October 19, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| TROY LEE GODWIN, | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 02C01-9811-CC-00364 |
| | ) | |
| vs. | ) | Gibson County |
| | ) | |
| STATE OF TENNESSEE, | ) | Hon. Dick Jerman, Jr., Judge |
| | ) | |
| Appellee. | ) | (Post Conviction) |
| | ) | |

FOR THE APPELLANT:

**ROBERT W. NEWELL**
Attorney At Law
P.O. Box 99
Humboldt, TN 38343

FOR THE APPELLEE:

**PAUL G. SUMMERS**
Attorney General & Reporter

**GEORGIA BLYTHE FELNER**
Counsel for State
425 Fifth Avenue North
Nashville, TN 37243

**CLAYBURN PEEPLES**
District Attorney General

**BRIAN FULLER**
Asst. District Attorney General
110 South College Street, Suite 200
Trenton, TN 38382

OPINION FILED: _____

AFFIRMED

**JAMES CURWOOD WITT, JR., JUDGE**

**OPINION**

The petitioner, Troy Lee Godwin, appeals the Gibson County Circuit Court's dismissal of his petition for post-conviction relief. The petitioner raises two issues: (1) whether he was denied due process of law and equal protection of the law because the convicting evidence of aggravated rape was insufficient, and (2) whether the trial court erred in not dismissing the charge of aggravated kidnapping, which was based upon a theory of complicity, for insufficiency of the convicting evidence in view of the dismissal of the charge against the principal offender. See State v. Coleman, 865 S.W.2d 455 (Tenn. 1993). We affirm the trial court's judgment.

Following his June 21, 1989 convictions of armed robbery, aggravated rape, and aggravated kidnapping, the petitioner's first direct appeal resulted in this court's remand for resentencing. State v. Troy Lee Godwin, No. 4 (Tenn. Crim. App., Jackson, July 25, 1990) (Godwin I). After resentencing and a subsequent appeal of the sentencing order, this court again reversed for resentencing. State v. Troy Lee Godwin, No. 02C01-9103-CR-00037 (Tenn. Crim. App., Jackson, Sept. 18, 1991) (Godwin II). After the third sentencing determination, this court modified the sentences. State v. Troy Lee Godwin, No. 02C01-9206-CC-00139 (Tenn. Crim. App., Jackson, Feb. 3, 1993) (Godwin III). On May 2, 1996, the petitioner filed a petition for post-conviction relief, which the trial court dismissed as time-barred. This court overturned that ruling on direct appeal. Troy Lee Godwin v. State, No. 02C01-9611-CC-00426 (Tenn. Crim. App., Jackson, Sept. 19, 1997) (Godwin IV). After remand, amendment of the petition, and a hearing held October 15, 1998, the trial court dismissed the petition for post-conviction relief. It is from this action that the current appeal is taken.

The 1989 convictions resulted from the 1988 robbery of a shoe store by the petitioner and a co-defendant, John D. Coleman. Coleman held a pistol and forced a female clerk to surrender money, and then Coleman had the petitioner wait

2

near the door while Coleman raped the female clerk at gunpoint. Godwin I, slip op. at 2-3. The petitioner was convicted of three offenses: armed robbery, for which he received a sentence of ten years, aggravated rape, for which he received a sentence of 25 years, and aggravated kidnapping, for which he received a sentence of fifteen years. These sentences are running concurrently as a result of Godwin II and Godwin III.

In Godwin's co-defendant's case, State v. Coleman, our supreme court held that Coleman's aggravated kidnapping was incidental to the commission of the other felonies and reversed the conviction based upon State v Anthony. See Coleman 865 S.W.2d at 957. Anthony holds that due process requirements forbid a kidnapping prosecution when the confinement, movement or detention of the victim is "essentially incidental to the accompanying felony". State v. Anthony, 817 S.W.2d 299, 306 (Tenn. 1991).

In Godwin I, the petitioner argued "that the evidence is not sufficient beyond a reasonable doubt to convict him of the crimes charged." Godwin I, slip op. at 10. This court held that the evidence was sufficient to convict the petitioner "as aider and abettor in the commission of aggravated kidnapping and aggravated rape, . . . and jointly guilty with Coleman of the crime of robbery with a deadly weapon." Id. at 11. The petitioner did not seek the supreme court's permission to appeal this decision.

In the present case, the trial court denied post-conviction relief via an order which does not specify the grounds for the court's action; however, the state argued that the petitioner's claims were waived and, during the post-conviction hearing, the court indicated that at least part of the petitioner's claims "should have been addressed on . . . direct appeal."

Both of the petitioner's appellate issues are predicated upon a claim

3

of insufficiency of the convicting evidence. Because the sufficiency of the evidence was raised and resolved on direct appeal in Godwin I, we conclude that all sufficiency of the evidence issues have been either previously determined or waived. See Tenn. Code Ann. § 40-30-206 (f), (g), (h) (1997). Accordingly, the issues raised on this appeal as sufficiency issues were properly dismissed.

We have considered whether the petitioner's second issue, which is grounded upon the result in Coleman, although not now cognizable as a sufficiency issue, might be reviewed as a straightforward issue of constitutional error. At the time this court filed its opinion in Godwin I, Anthony had not been decided. Moreover, there apparently had never been a hearing *in the petitioner's case* on the Anthony issue, and accordingly, the Anthony constitutional issue had not been previously determined insofar as the petitioner is concerned. See Tenn. Code Ann. § 40-30-206(h) (1997).

However, we are constrained to conclude that this issue has been waived. An issue is "waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction." Tenn. Code Ann. § 40-30-206(g) (1997). An exception is provided when the claim is based upon a constitutional right that "was not recognized as existing at the time of trial." Tenn. Code Ann. § 40-30-206(g)(1) (1997). The problem for the petitioner in avoiding the waiver rule is that, in State v. Denton, 938 S.W.2d 373 (Tenn. 1996), our supreme court said that Anthony did not create a newly recognized constitutional right. Denton, 938 S.W.2d at 377. In light of this determination, the failure to raise the Anthony issue on direct appeal constitutes waiver.

For the reasons explained above, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE

CONCUR:

_____
DAVID H. WELLES, JUDGE

_____
JERRY L. SMITH, JUDGE